UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAAM KADHUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:17-cv-00815 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born December 27, 1958, applied on December 9, 2013 for SSI, alleging disability beginning January 1, 2010.[1] Administrative Transcript ("AT") 47, 48, 200. Plaintiff

---
[1] Regardless of the alleged disability onset date, Title XVI benefits are only available from the month after the month plaintiff filed her application. See 20 C.F.R. § 416.335.

1

alleged she was unable to work due to adrenal issues, right breast cancer stage 2, high blood pressure, and pain in right shoulder. AT 200. In a decision dated February 11, 2016, the ALJ determined that plaintiff was not disabled.[2] AT 19-25. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since December 9, 2013, the application date.
>
> 2. The claimant has the following severe impairments: status post treatment of breast cancer and lumpectomy, neuropathy, hypertension, and osteopena.
>
> 3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

>for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.
>
>4. The claimant has not been under a disability, as defined in the Social Security Act, since December 9, 2013, the date the application was filed.

AT 21-24.

## ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in concluding that plaintiff was not disabled at Step Two of the sequential evaluation procedure; (2) the ALJ erroneously rejected the opinions of plaintiff's treating physicians; (3) the Appeals Council erred in finding that new evidence submitted by plaintiff did not provide a basis for changing the ALJ's decision, as it gave no reasons for rejecting a newly-submitted treating physician's opinion; and (4) the ALJ gave inadequate reasons for rejecting plaintiff's testimony.

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not

affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

The court considers below whether the ALJ's step two finding of non-severe impairment is supported by substantial evidence. In making this determination, the court considers as sub-issues whether the ALJ erred in discounting two opinions by treating physicians Dr. Dipsia and Dr. Shihabi, as argued by plaintiff.

The court also considers a post-decision letter by Dr. Dipsia to the Appeals Council in reviewing the ALJ's step two finding. As the Appeals Council declined review, the ALJ's decision is the Commissioner's final decision that is subject to judicial review. 42 U.S.C. § 405(g). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Astrue, 682 F.3d 1157, 1163 (9th Cir. 2012).

A. Medical Background

At the January 26, 2016 hearing on her claims, plaintiff testified through an interpreter that she came to the United States in March 2013 as a refugee. AT 35, 328. She last worked as a bookkeeper in Iraq in 1995. AT 208. Plaintiff's native language was Arabic; she could read but not speak or write English. AT 199. She lived with her two adult children who came to the U.S. with her. AT 209, 259. In the U.S., she began taking English classes but had to stop after two months due to breast cancer. AT 35-36.

In September 2013, a mammogram and ultrasound showed a solid mass and enlarged lymph node in her right breast. Biopsy results suggested malignancy. AT 258, 261-62, 303. In November 2013, plaintiff underwent a surgical lumpectomy and lymph node biopsy in her right

4

breast. AT 300-301. On her oncologist's recommendation, she was treated with chemotherapy from January to April 2014. AT 366-380, 392-393.

In May 2014, plaintiff detected a small mass in her left axilla, or armpit region, that caused pain in her left shoulder. AT 409. During June and July 2014, she underwent radiation therapy. AT 409, 452. On June 18, 2014, while undergoing radiation, plaintiff met with her primary care physician, Dr. Antoine Dipsia, with complaints of numbness and swelling in her legs and difficulty walking. AT 440. On July 17, 2014, plaintiff underwent her last course of radiation therapy. AT 502. Her oncologist, Dr. Samer Shihabi, prescribed Letrozole (hormone-based chemotherapy).

Plaintiff continued to receive physical therapy and medical care in 2014. On January 22, 2015, she underwent a bilateral mammogram and right breast ultrasound; the findings were benign. AT 448.

B. The ALJ's Step Two Decision

The Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

At step two, the ALJ found that plaintiff did not have an impairment or combination of impairments that had significantly limited, or was expected to significantly limit, her ability to work for 12 consecutive months.[3] AT 21. Thus, the ALJ concluded that plaintiff's impairments were non-severe. AT 21.

An impairment or combination of impairments is deemed to be severe at step two if it "significantly limits [plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a). Basic work activities encompass "the abilities and aptitudes necessary to do most jobs," including "(1) physical functions such as walking, standing, sitting,

---

[3] See 20 C.F.R. § 416.920.(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.")

5

lifting and carrying, (2) capacities such as seeing, hearing, and speaking, (3) understanding, carrying out, and remembering simple instructions, (4) use of judgment, (5) responding appropriately to supervision, co-workers, and usual work situations, and (6) dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims. An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001). Impairments must be considered in combination in assessing severity. 20 C.F.R. § 404.1523.

At step two, the ALJ summarized plaintiff's medical history from September 2013, when she was diagnosed with breast cancer, through her November 2013 surgery, her four cycles of chemotherapy, and her January 2015 benign mammogram results. AT 22-23. The ALJ cited records indicating that by October 2015, the neuropathy in plaintiff's legs had improved, and that her hypertension was effectively managed with medication. AT 23; see AT 241, 460.

The ALJ found plaintiff not entirely credible as to the intensity, persistence, and limiting effects of her symptoms, writing:

> The claimant's allegation that she cannot work due to her various medical conditions is inconsistent with the medical evidence of record. Her breast cancer is in remission and she has made good recovery following surgery and chemotherapy. She successfully completed physical therapy with significant improvement in her pain level and range of motion of the shoulder. In addition, she has sought little treatment for osteopenia. Her hypertension is effectively managed with medication. Despite her medical impairments, she can perform a wide variety of daily activities and her reports of her ability to medical providers differ from her disability reports submitted for pursuing disability. For example, in her September 2014 Disability Report she indicated that she needs assistance with her personal care and house chores (Ex. 7E). In October 2014, she reported that lifting

6

> light items was easier, housework was easier, and getting dressed
> was a lot easier (Ex. 12F).[4] Her testimony on this issue also differed
> from her reports to her treating physicians (Ex. 12F, Testimony).[5]
> The claimant does not have a severe impairment.

AT 23. Plaintiff challenges this credibility finding in a separate claim.

1. Dr. Dipsia

Plaintiff asserts that, at step two, the ALJ improperly discounted a September 2015 letter by her treating physician, Dr. Dipsia.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

---

[4] The ALJ cited an October 30, 2014 medical note stating that "improvements have been made with physical therapy" and that lifting light items, housework, and changing clothes was "easier. Wearing purse around shoulder is difficult." AT 478.

[5] Plaintiff testified in January 2016 that she had difficulty standing up and standing for more than thirty minutes, difficulty sitting for long periods, and that she had constant pain in her right shoulder and could not lift anything with her right hand. AT 37-40. Plaintiff further testified that she needed help with taking a shower and changing her clothes. AT 41.

findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

On September 26, 2015, Dr. Dipsia wrote a brief letter "to whom it may concern" that plaintiff "is currently disabled and was diagnosed with breast cancer.  She is not able to work for the next year."  AT 462.  The ALJ gave this opinion "no weight, because it is inconsistent with the medical evidence of record, and is speculative.  The claimant's breast cancer is in remission and the side effects of her treatment have resolved.  Moreover, the determination of whether an individual is 'disabled' under the Social Security Act is an administrative finding that is reserved for the Commissioner."  AT 24.  Based on the overall medical record, the court finds that the ALJ did not err in discounting as speculative Dr. Dipsia's conclusion that plaintiff was unable to work until September 2016.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected).

After the ALJ issued her decision denying benefits, plaintiff submitted another opinion by Dr. Dipsia to the Appeals Council.  In his April 23, 2016 letter, Dr. Dipsia stated that he last saw plaintiff the previous month.  AT 504.  He stated that plaintiff "has a long and complex medical history that is [sic] markedly and permanently limits her ability to work."  AT 504.  Dr. Dipsia continued: "The chemotherapy caused severe polyneuropathy with pain in her extremities markedly limiting her ability to ambulate."  He stated that plaintiff had developed osteoporosis as a side effect of cancer medication and that her most recent labs revealed evidence of bone damage.  AT 504.  "I believe that she is more limited than previously assessed and in my professional opinion she is limited to lifting 5 lbs. occasionally and frequently and walk/stand total one hour per day[,] sit 4 hours per day and inability to climb crouch kneel.  These restrictions are deemed permanent."  Dr. Dipsia also wrote that plaintiff had tenosynovitis of the right thumb that limited her to occasional grasping with the right hand.  AT 504.

In its affirmation of the ALJ's decision, the Appeals Council noted that it had considered the additional evidence submitted, including Dr. Dipsia's April 2016 letter, but "found that this

information does not provide a basis for changing the [ALJ's] decision." AT 2, 6.

To be sure, any findings by Dr. Dipsia relating to plaintiff's condition after February 11, 2016, the date of the ALJ's decision, do not bear on whether plaintiff was disabled during the relevant period. See AT 2; Quesada v. Colvin, 525 Fed. App'x 627, 630 (9th Cir. 2013) (district court properly concluded that new evidence submitted to Appeals Council was not relevant because it post-dated the ALJ's decision). While Dr. Dipsia referenced April 2016 lab results (AT 505) and a future bone scan, these are not relevant to the period under consideration.

However, Dr. Dipsia did not indicate a timeframe for the multiple functional limitations noted in his letter. As to his statement that plaintiff suffered "severe polyneuropathy . . . markedly limiting her ability to ambulate," this is consistent with plaintiff's June 2014 complaint of "numbness in both legs and difficulty walking." (AT 440.) At that time, Dr. Dipsia noted decreased sensations in both legs and diagnosed her with polyneuropathy. AT 441. This condition was not mentioned again in the medical record until October 2015, when Dr. Dipsia found plaintiff's polyneuropathy "improved" but still causing "pain in both feet when she walks." AT 460.

The functional limitations described in Dr. Dipsia's April 2016 letter appear reasonably related to the neuropathy and right shoulder problems she experienced prior to the ALJ's decision, though there is conflicting evidence as to their severity and duration. In short, Dr. Dipsia, plaintiff's long-term treating physician, assessed multiple functional limitations affecting her ability to work, an assessment consistent with some medical evidence during the relevant timeframe. Neither the ALJ, who did not have this opinion before her, nor the Appeals Council provided specific and legitimate reasons for disregarding it. In light of this new opinion, the ALJ's decision that plaintiff's combined impairments were non-severe is not supported by substantial evidence.

2. Dr. Shihabi

On September 29, 2015, treating oncologist Dr. Shihabi wrote a short letter "to whom it may concern" stating that plaintiff was under his care after a lumpectomy, chemotherapy, and radiation treatment. AT 454. "Due to the effects of surgery and radiation, Ms. Kadhum is still

experiencing restricted range of motion of her right arm and shoulder." AT 454.

The ALJ discounted this letter, writing: "His opinion is too general to be of assistance and it is inconsistent with treatment notes from her physical therapy, which indicate that when the claimant was discharged from physical therapy she was pain free and she had full range of motion in her right shoulder (Ex. 12F at 15)." AT 24.

Plaintiff asserts that the ALJ misinterpreted her discharge summary from physical therapy in January 2015.

In July 2014, plaintiff presented with pain and reduced range of motion in her right shoulder. AT 23, 485, 502. In September 2014, she began physical therapy for her right shoulder, with the initial examination showing pain, significantly reduced range of motion, and muscle strength of 3/5 in the right shoulder. AT 467. By January 2015, after 12 sessions of physical therapy, her pain level in the right shoulder was 0/10 and muscle strength was normal. AT 467. Her range of motion in the shoulder, while improved, continued to be limited: the flexion in her right shoulder had improved to 163 degrees (normal is 180) and external rotation was 72 degrees (normal is 90).[6] AT 467, 469.

As Dr. Shihabi's September 2015 opinion was not inconsistent with earlier notes from physical therapy, the ALJ erred by discounting the opinion for that reason.

Based on the foregoing, the undersigned concludes that plaintiff is entitled to summary judgment. The court does not reach the remaining issues.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

---

[6] Family Practice Notebook, "Shoulder Range of Motion," https://fpnotebook.com/ortho/exam/shldrrngofmtn.htm (last visited July 30, 2018).

required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. Thus the case is remanded to allow the ALJ an opportunity to re-examine the record, including Dr. Dipsia's April 2016 letter to the Appeals Council.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied; and

3. The matter is remanded for further proceedings consistent with this order.

Dated: August 1, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/kadhum0815.ssi.ckd

11